IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE M. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 16-cv-263-JPG-CJP |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the parties' Stipulation to Remand to the Acting Commissioner. (Doc. 32).

The parties agree that this case should be remanded to the Acting Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order.  See, *Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corporation Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999).  Upon a sentence four remand, judgment should be entered in favor of plaintiff.  *Schaefer v. Shalala*, 509 U.S. 292, 302-303 (1993).

The parties agree that, upon remand, "an ALJ will hold a new administrative hearing, issue a new decision and reevaluate the following: (1) Plaintiff's claimed mental impairments, including, at step three, whether Plaintiff's mental impairments cause limitations in the areas of concentration, persistence, or pace, and social functioning, and, if they do cause problems in these areas, provide an explanation for the specific limitations ascribed to limits in concentration, persistence or pace and social functioning; (2) Plaintiff's maximum residual functional capacity

1

(RFC) in accordance with Social Security Ruling 96-8p by describing how the evidence supports each limitation in Plaintiff's RFC, specifically addressing limitations caused by Plaintiff's claimed sleep apnea and seizure disorder, assessing the frequency and functionally limiting impact of Plaintiff's claimed seizures; (3) the medical source opinions, including the opinions of the state-agency medical consultants, the consultative examiners, and Plaintiff's treating physician, as required by 20 C.F.R. 404.1527 and SSR 96-2p; and (4) whether Plaintiff could perform her past relevant work or other work that exists in the economy."

The Court notes that plaintiff applied for disability benefits in April 2012, more than four and one-half years ago. (Tr. 9). While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this case on remand.

For good cause shown, the parties' Stipulation to Remand to the Acting Commissioner **(Doc. 32)** is **GRANTED**.

The final decision of the Commissioner of Social Security denying Christine M. Reed's application for social security benefits is **REVERSED and REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence **four** of 42 U.S.C. §405(g).

The Clerk of Court is **DIRECTED** to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED:** 12/21/2016

              *s/J. Phil Gilbert*
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**